UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20874-CIV-COHN/SELTZER

MIRADOR 1000 CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.

SELECTIVE INSURANCE COMPANY OF
THE SOUTHEAST,

      Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff Mirador 1000 Condominium Association, Inc.'s Motion to Strike Defendant's Affirmative Defenses [DE 25]. The Court has considered the Motion, Defendant Selective Insurance Company of the Southeast's Response [DE 28], Plaintiff's Reply [DE 32], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On March 2, 2012, Plaintiff brought this action against Defendant for breach of contract pursuant to the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001 *et seq.*, and Federal common law. See Complaint [DE 1]. On May 2, 2012, Defendant filed its Answer and Affirmative Defenses [DE 19], raising twenty-eight affirmative defenses. Thereafter, on May 23, 2012, Plaintiff filed the instant Motion, seeking to strike certain of Defendant's Affirmative Defense pursuant to Federal Rule of Civil Procedure 12(f).

## II. LEGAL STANDARD

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Id.; see also Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008); In re Se. Banking Corp. Sec. & Loss Reserves Litig., 147 F. Supp. 1348, 1355 (S.D. Fla. 2001).

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). An affirmative defense will only be stricken if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Id. (citations omitted).

Affirmative defenses are also subject to the general pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. ANALYSIS

Plaintiff seeks to strike Defendants' First, Third, Fourth, Fifth, Sixth, Eighth, Tenth, Fourteenth, Fifteenth, Sixteenth, Nineteenth, Twenty-First, and Twenty-Fifth Affirmative Defenses. Defendant has agreed to withdraw the Fourth and Nineteenth Affirmative Defenses. See Resp. at 2, 7-8, 16. Therefore, the Motion will be granted with respect to these defenses. Defendant opposes the Motion with respect to the remaining defenses.[1]

Despite Defendant's objection, the Motion will be granted in part as to the Twenty-First Affirmative Defense. This defense states, "All state law based extra-contractual claims arising out of the handling of the flood loss claim are preempted and barred by federal, constitutional and statutory law. Further, because U.S. Treasury funds are used to pay flood claims, interest is not allowed." Answer & Aff. Def. at 16. With respect to the preemption issue, Plaintiff asserts that the issue is moot to the extent that Defendant bases its defense on the claim for attorney's fees pursuant to Florida Statutes § 627.428 contained in Plaintiff's Complaint. See Reply at 7; Resp. at 16; Compl. ¶ 28. This request for fees has now been stricken pursuant to the parties' stipulation. See Order Striking Jury Demand and Claim for Fees [DE 36]. Therefore, to the extent that the preemption issue is based on Plaintiff's claim for attorney's fees under state law, the Motion will be granted because this request is no longer part of this lawsuit.

As to all other Affirmative Defenses, including the remainder of the Twenty-First Affirmative Defense, the Motion will be denied. Plaintiff contends that these defenses

---

[1] Defendant also requests that the Court deny the Motion because Plaintiff failed to comply with Local Rule 7.1(a)(3). Although the Court will not deny the Motion for violation of the Local Rules this time, all parties shall comply with the Local Rules, including Local Rule 7.1(a)(3), in the future.

are unnecessary, insufficiently detailed, duplicative, or conclusory. See Mot. In response, Defendant explains its legal and factual reasons for including each defense. See Resp. As discussed above, motions to strike are routinely denied unless the challenged affirmative defenses have no relation to the case or may prejudice one of the parties. Here, Defendant's Affirmative Defenses state common and generally applicable principles of law for a case such as this one. In addition, the defenses provide "fair notice" meeting the minimum pleading requirements, and the Court can identify no prejudice to Plaintiff. Therefore, the remaining defenses will survive.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 25] is **GRANTED in part and DENIED in part** as follows:

1. The Motion is **GRANTED** as to the Fourth and Nineteenth Affirmative Defenses, and these Affirmative Defenses are **STRICKEN** from Defendant's Answer and Affirmative Defenses [DE 19];

2. The Motion is **GRANTED** as to the Twenty-First Affirmative Defense only insofar as this Affirmative Defense relies on Plaintiff's claim for attorney's fees pursuant to Florida Statutes § 627.428;

3. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12th day of July, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF